995 P.2d 804

**William and Margaret McVICKER, a marital community, and Dorothy McGee, Plaintiffs–Appellants,**

v.

**CITY OF LEWISTON, a municipal entity; and Jan Vassar, Lewiston City Manager, Charles Borcich, Lewiston Building Official, Steve Watson, Lewiston Interim Community Development Director, Jerry Hume, Assistant Lewiston City Planner; and James Cook, d/b/a Cook Construction Company; and Kevin Dotson, d/b/a American Dream Construction Company, Defendants–Respondents.**

No. 24724.

Supreme Court of Idaho, Lewiston, October 1999 Term.

Feb. 23, 2000.

Clearwater Law Offices, Lewiston; Burton Contract Legal Services, McCall, for appellants. Earl L. McGeoghegan argued.

Jones, Brower & Callery, Lewiston, for respondent City of Lewiston. Thomas W. Callery argued.

Don L. Roberts, Lewiston, for respondent Cook.

TROUT, Chief Justice.

This is an appeal from the district court's order granting summary judgment to the defendants/respondents City of Lewiston (City) and James Cook (Cook). The underlying lawsuit by the plaintiffs/appellants, William and Margaret McVicker and Dorothy McGee (collectively referred to as the McVickers), alleged that the City had improperly granted a building permit to Cook for the construction of an accessory building.

## I.

## BACKGROUND

The McVickers own real property at 1719 5th Avenue, Lewiston, Idaho, which is adjacent to rental real property owned by Cook at 1418 8th Street, Lewiston, Idaho. On October 21, 1996, Cook applied to the Lewiston community development department for a building permit in order to construct a 1,980 square foot pole building for the purpose of parking "pleasure vehicles." Cook filed building plans with the application, depicting a building set nine feet back from the north property line, five feet from the south property line and twenty feet from the west property line. Notes on the plans indicate a revised setback of at least six feet from the south property line (the original "5' " being crossed out and replaced with "6' "). The plans reflect an eave height of sixteen feet. Cook, however, attached an extension to the roof trusses which reduced the eave height to fifteen feet. Preliminary construction of the building began prior to issuance of a building permit.

The McVickers became aware of construction on Cook's property on October 25, 1996.

Margaret McVicker met with Charles Borcich, head of Lewiston's building department, and was informed that Cook planned to build an accessory building, which could not be used for commercial purposes because the neighborhood was zoned residential.

A City code enforcement officer inspected the Cook building site and issued a stop work order on October 28, 1996, because no building permit had been issued and because the building plans showed no plumbing work was contemplated. The community development department then issued a building permit on November 8, 1996. The permit described a "1980 sq. ft. pole building" which "may not be used for commercial purpose ... without a conditional use permit."

On November 11, 1996, the McVickers contacted the City and learned that a building permit had been issued. The McVickers met with the Lewiston city manager and city attorney on November 13, 1996 and on that same date, the McVickers delivered a letter to the city manager, with copies to the city attorney and Charles Borcich. The McVickers also met informally with the Lewiston mayor and other city council members concerning the size and location of Cook's building. The City took no action.

The McVickers' attorney, Earl McGeoghegan, addressed the Lewiston city council at a public meeting on November 26, 1996, and contended that the six-foot setback was out of compliance with the Lewiston City Code and that the building could not be sixteen feet high and still meet the setback requirements because of the lot size. The city council took no action. Earl McGeoghegan sent a letter to the City on November 26, 1996, demanding that an immediate stop work order be issued.

The McVickers filed an appeal with the Lewiston planning and zoning commission on January 26, 1997, contesting the size of Cook's building and asserting violations of the setback requirements. The community development director returned the notice of appeal on January 29, 1997, stating that it was untimely filed because more than fifteen days had elapsed since the building permit was issued on November 8, 1996.

The McVickers filed this lawsuit with the district court in Nez Perce County on December 3, 1996. The McVickers alleged that the City had improperly granted a building permit to Cook for the construction of the accessory building. The McVickers further alleged that Cook's accessory building violated City setback, height and use ordinances. The McVickers sought a writ of mandamus to compel the City to require modifications to the Cook accessory building and setbacks in a manner consistent with the McVickers' interpretation of Lewiston City Code § 37–131. The McVickers also sought a declaratory judgment declaring that (1) City officials had misinterpreted the Lewiston zoning ordinance; (2) the Lewiston zoning ordinance applies to the Cook accessory building; and (3) the Cook accessory building construction be stopped and modifications made. The McVickers also requested a temporary restraining order and preliminary injunction but withdrew these requests shortly after filing suit because the building was substantially completed at the time of filing.

The district court granted summary judgment in favor of the City and Cook on January 22, 1997, ruling that no mandate can issue to compel a discretionary act and that declaratory relief and a writ of mandamus were inappropriate because the McVickers had failed to exhaust administrative remedies. The district court later denied the McVickers' Motion to Reconsider, to Amend, and for New Trial on March 30, 1998. The McVickers filed a Notice of Appeal and Amended Notice of Appeal on May 8, 1998, and May 13, 1998, respectively.

## II.

## STANDARD OF REVIEW

When this Court reviews the district court's ruling on a motion for summary judgment it employs the same standard used by the district court in ruling on the summary judgment motion. *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the

non-moving party. *Id.* Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Once the movant has established a prima facie case that, on the basis of uncontroverted facts, the movant is entitled to judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial and cannot merely rest on the pleadings. I.R.C.P. 56(e); *Theriault v. A.H. Robins Co. Inc.*, 108 Idaho 303, 306, 698 P.2d 365, 368 (1985).

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ The McVickers argue first that Lewiston ordinances do not provide for or mandate any administrative procedures which they should have followed. Secondarily, they argue that their November 13 letter was sufficient to comply with any procedural requirements.

■ The doctrine of exhaustion of administrative remedies generally requires that a case run the full gamut of administrative proceedings before an application for judicial review may be considered. *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972). Lewiston City Code § 37–192(c) affords an administrative procedure by which to appeal a ruling of the community development department to the planning and zoning commission. Lewiston City Code § 37–192 states in pertinent part:

Duties of the community development department.

(a) It shall be the duty of the community development department to enforce the provisions of this chapter and in addition thereto and in furtherance of said authority, shall:

(1) Issue building permits

* * *

(2) Issue a stop work order

* * *

(b) It shall be the duty of the community development department to assist in the enforcement of the provisions of this chapter and in addition thereto and in furtherance of said authority, he, or his authorized representative, shall:

(1) Order the abatement of violations of the zoning ordinance, the violation of which order shall be an offense under this code.

* * *

(5) Receive, file and transmit to the commission all applications, petitions and other communications upon which the commission is required hereby to act.

* * *

(c) An appeal from a ruling of the community development department may be made in writing to the (planning and zoning) commission by an affected person, within fifteen (15) days of the ruling. Notices of the appeal shall be sent to all adjacent property owners, giving the date and time the commission will hear the appeal.

Lewiston City Code § 37–192.

The McVickers argue that the issuance of a building permit by the community development department does not constitute a "ruling" under Lewiston City Code § 37–192(c). "Ruling" is not a defined term in the Lewiston City Code. The term should, however, be given its ordinary meaning which is "a judicial or administrative interpretation of a provision of a statute, order, regulation, or ordinance." *See* BLACK'S LAW DICTIONARY 1333 (6th ed.1990). Here, the community development department's issuance of a permit is an administrative interpretation of the Lewiston zoning ordinance and may be reasonably deemed a ruling. Moreover, Sections 37–192(a) and (b) enumerate the duties of the community development department to include issuing building permits. The term ruling, therefore, refers to action in furtherance of the department's duties such as issuing a building permit. Thus the McVickers were required to appeal the department's ruling within fifteen days. The question then becomes whether the

McVickers failed to appeal the issuance of the building permit within fifteen days of the ruling, as required by Lewiston City Code § 37–192(c), and thus failed to exhaust their administrative remedies.

■ The McVickers submitted a letter of protest to the Lewiston city manager on November 13, 1996. Although the letter was addressed to the city manager, copies were directed to the city attorney and to Charles Borcich, head of the community development department. The November 13 letter began as follows:

> This letter is in protest of an auxillary (sic) pole building being built at 1418 18th St., Lewiston ID, in our residentially-zoned neighborhood.

While the word "appeal" does not appear in the letter, the clear import is that the McVickers are dissatisfied with the department's decision and want that decision reversed because it allegedly didn't comply with City building requirements. The City concedes that no special form for appeal is required and argues only that the word "appeal" was not used. To say this letter does not indicate an appeal from the building department's decision would exalt form over substance.

■ Lewiston City Code § 37–195(5) provides that the community development department has the duty to "receive, file and transmit to the (planning and zoning) commission all applications, petitions and other communications upon which the commission is required hereby to act." Lewiston City Code § 37–192(5). Lewiston City Code § 37–183 provides that the planning and zoning commission has the duty "[t]o hear appeals from rulings of the community development department." Lewiston City Code § 37–183(7). Charles Borcich thus had a duty to forward the McVickers' protest letter to the Lewiston planning and zoning commission. Borcich's failure to do so prevented the McVickers from exhausting their administrative remedy before the Lewiston planning and zoning commission.

In *Brady v. Homedale*, 130 Idaho 569, 944 P.2d 704 (1997) we were presented with a case in which the petitioner was similarly prevented from exhausting administrative remedies. In *Brady*, the petitioner objected to the construction of a school bus maintenance and storage facility on property across from her house. The district court denied Brady's petitions for a writ of mandamus, a temporary restraining order and a preliminary injunction. The Court upheld the district court's decision based in part on Brady's failure to exhaust administrative remedies. The Court noted, however, that Brady was prevented from exhausting administrative remedies because construction was completed before an administrative hearing could be held. The Court therefore concluded that Brady was entitled to a hearing before the proper city authority. Similarly, the McVickers are entitled to a hearing before the Lewiston planning and zoning commission, as they were denied that opportunity and prevented from exhausting administrative remedies. Given the above analysis, we decline to address the remaining issues concerning the McVickers' nuisance cause of action, request for declaratory relief, and a writ of mandamus.

## IV.

## ATTORNEY FEES AND COSTS

■ The McVickers requested attorney fees and costs on appeal in their statement of issues on appeal. The McVickers did not, however, address the request in the argument section of their brief as required by I.A.R. 35(a)(6). The Court therefore declines to consider an award of fees. *See Weaver v. Searle Brothers*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998).

## V.

## CONCLUSION

The district court's grant of summary judgment in favor of the City and Cook is hereby vacated. The McVickers are entitled to all of the procedures and protections found within the Lewiston City Code, including the right to be heard before the proper city administrative authorities. This case is remanded to the district court for further proceedings consistent with this opinion. We

award the McVickers costs, but not attorney fees, on appeal.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, concur.