95 P.3d 640

William and Margaret McVICKER, a marital community, and Dorothy McGee, Petitioners–Appellants,

v.

CITY OF LEWISTON, municipal entity; and Jan Vassar, Lewiston City Manager, Charles Borcich, Lewiston Building Official, Steve Watson, Lewiston Interim Community Development Director, Jerry Hume, Assistant Lewiston City Planner; and James Cook, d/b/a Cook Construction; and Kevin Dotson, d/b/a American Dream Construction Company, Defendants–Respondents.

No. 29034.

Supreme Court of Idaho, Lewiston, October 2003 Term.

July 26, 2004.

Clearwater Law Offices, Lewiston, for appellants. Earl L. McGeoghegan, argued.

Don L. Roberts, Lewiston, for respondent City of Lewiston.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED JULY 23, 2004 IS HEREBY WITHDRAWN.

SCHROEDER, Justice.

This case comes on appeal from the order of the district court denying William (deceased) and Margaret McVicker and Dorothy McGee (the McVickers), attorney fees under I.C. § 12–117 in an action against the City of Lewiston (City) for improperly issuing a building permit. The district court denied attorney fees on the basis that the issues in the case were not clear-cut, and the City's position was not without a reasonable basis. The McVickers claim that the City's actions were without a basis in law or fact.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The McVickers own real property in Lewiston, Idaho, which is adjacent to rental real property owned by James and Brenda Cook. On October 21, 1996, Cook applied to the Lewiston community development department for a building permit to construct a 1,980 square foot pole building for the purpose of parking "pleasure vehicles." Cook filed building plans with the application, depicting a building set nine feet back from the north property line, five feet from the south property line and twenty feet from the west property line. Notes on the plans indicate a revised setback of at least six feet from the south property line, the original "5'" being crossed out and replaced with "6'". The

plans reflect an eave height of sixteen feet. Cook attached an extension to the roof trusses which reduced the eave height to fifteen feet. Preliminary construction of the building began prior to issuance of a building permit. The McVickers became aware of construction on Cook's property, and Margaret McVicker met with Charles Borcich, head of Lewiston's building department, who informed her that Cook planned to build an accessory building which could not be used for commercial purposes because the neighborhood was zoned residential.

A City code enforcement officer inspected the Cook building site and issued a stop work order because no building permit had been issued, and the building plans showed no plumbing work was contemplated. The community development department then issued a building permit. The permit described a "1980 sq. ft. pole building" which "may not be used for commercial purpose ... without a conditional use permit."

The McVickers contacted the City and learned that a building permit had been issued. The McVickers met with the Lewiston city manager and city attorney on November 13, 1996, and on that same date, the McVickers delivered a letter to the city manager with copies to the city attorney and Charles Borcich. The McVickers also met informally with the Lewiston mayor and other city council members concerning the size and location of Cook's building. The City took no action.

The McVickers' attorney addressed the Lewiston city council at a public meeting on November 26, 1996, and contended that the six-foot setback was out of compliance with the Lewiston City Code and that the building could not be sixteen feet high and still meet the setback requirements because of the lot size. The city council took no action. Earl McGeoghegan sent a letter to the City on November 26, 1996, demanding that an immediate stop work order be issued.

The McVickers filed an appeal with the Lewiston Planning and Zoning Commission on January 26, 1997, contesting the size of Cook's building and asserting violations of the setback requirements. The community development director returned the notice of appeal on January 29, 1997, stating that it was untimely filed because more than fifteen days had elapsed since the building permit was issued on November 8, 1996.

The McVickers filed this lawsuit in district court alleging that the City had improperly granted a building permit to Cook for the construction of the accessory building. The McVickers alleged that Cook's accessory building violated City setback, height and use ordinances. They sought a writ of mandamus to compel the City to require modifications to the accessory building and setbacks in a manner consistent with the McVickers' interpretation of Lewiston City I.C. § 37–131. The McVickers also sought a declaratory judgment declaring that (1) City officials had misinterpreted the Lewiston zoning ordinance (2) the Lewiston zoning ordinance applies to Cook's accessory building; and (3) Cook's accessory building construction be stopped and modifications made. The McVickers also requested a temporary restraining order and preliminary injunction but withdrew these requests shortly after filing suit because the building was substantially completed at the time of filing.

The district court granted summary judgment in favor of the City and Cooks on January 22, 1997, ruling that no mandate can issue to compel a discretionary act, and declaratory relief and a writ of mandamus were inappropriate because the McVickers had failed to exhaust administrative remedies. The district court later denied the McVickers' motion to reconsider, to amend, and for new trial on March 30, 1998. The McVickers appealed the grant of summary judgment.

This Court vacated the grant of summary judgment and remanded the case to the district court, instructing the district court to conduct further proceedings consistent with the decision. *McVicker v. City of Lewiston,* 134 Idaho 34, 995 P.2d 804 (2000).

The City's Planning and Zoning Commission determined that the issuance of the building permit to Cook had no basis in the law and put forth no factual determinations upon which the decision to issue the permit could rest. The building was deemed a nuisance and ordered removed. Based on this

decision, the McVickers submitted a claim for costs and attorney fees to the district court, claiming attorney fees pursuant to I.C. § 12–117. The district court denied the petition for fees and costs on the basis that the City, although in error, was not without reasonable basis in making its decisions. The McVickers appeal.

In a separate, but related proceeding, Cook appealed the City's Planning and Zoning Commission decision to reverse the issuance of the building permit and have the building removed. The district court affirmed the Commission's decision.

## II.

### THE MCVICKERS ARE BARRED FROM SEEKING ATTORNEY FEES

A threshold question is whether the decision by the Court in the first *McVicker* case precludes the recovery of attorney fees for issues that occurred prior to and including that appeal.

In that case the Court stated: "[T]he McVickers did not address the request [for attorney fees] in the argument section of their brief as required by IAR 35(a)(6). The Court therefore declines to consider an award of fees." In effect the Court ruled that the McVickers had failed to properly present and argue the issue on appeal. Consequently, they waived the right to claim attorney fees for the proceedings that had taken place. It is therefore unnecessary to review the district court's ruling on the reasonableness of the City's actions.

## III.

### CONCLUSION

The decision of the district court denying any award of attorney fees is affirmed. The respondents are awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.