NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEANNA EVERETT, AKA Deanna Everett Whitley, <br><br>                  Plaintiff-Appellant, <br><br>   v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, FKA American General Assurance Company, an insurance company licensed to do business in the State of Idaho pursuant to Idaho Code, Title 41, <br><br>                  Defendant-Appellee. | No.   15-35688 <br><br> D.C. No. 1:14-cv-00121-BLW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted June 15, 2017
Seattle, Washington

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Deanna Everett appeals the district court's grant of summary judgment in

favor of American General Life Insurance Company (American General). Everett

claims that American General wrongfully denied her claim for payment under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

accidental death insurance policies it issued to Everett's husband, John Whitley, with Everett as the beneficiary. We reverse and remand.

1. Everett argues that she was denied due process because the court excluded the testimony of Whitley's cardiology physician Dr. Seale in its summary judgment order, when possible exclusion of expert testimony was not properly before the court. It was proper for the court to consider whether Everett's proffered evidence was admissible because a "court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Further, a party may object to the admissibility of evidence on summary judgment without filing a separate motion to strike. *See* Fed. R. Civ. P. 56(c)(2).

2. Dr. Seale qualified as a "non-retained expert" pursuant to Federal Rule of Civil Procedure (Rule) 26(a)(2)(C). As a treating physician, he was qualified to testify regarding his opinions that "were formed during the course of treatment" without necessitating a Rule 26(a)(2)(B) expert report. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). The court erred by holding on summary judgment that Dr. Seale did not qualify as a treating physician expert on cause of death because his opinion was not formed during the course of treatment and was instead formed almost a year after Whitley's death when he wrote his opinion in a letter at Everett's request. The fact that Dr. Seale wrote an

2

opinion about events that occurred a year earlier is not conclusive evidence that he formed the opinion when he wrote it down. Because there is a genuine issue of fact regarding when Dr. Seale formed his opinion, the issue should not have been decided on summary judgment.

3. The court excluded Dr. Seale's affidavit pursuant to Rule 37(c)(1) because Everett failed to strictly comply with the Rule 26(a) disclosure requirements, and this failure was not substantially justified or harmless. The court abused its discretion by imposing Rule 37(c)(1) sanctions without making requisite findings in its harmlessness analysis: (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith," and (2) whether "lesser sanctions" were available. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). These findings were required because exclusion of Dr. Seale's affidavit effectively amounted to dismissal of Everett's claim. *See id.* Moreover, we are not persuaded that Everett's late disclosure of Dr. Seale's affidavit was prejudicial. Everett informally gave American General Dr. Seale's opinion letter on Whitley's cause of death on June 5, 2014, and disclosed Dr. Seale as an expert on January 2, 2015. Even if these disclosures were technically inadequate, American General was long aware of Dr. Seale's identity and opinion, and even deposed him and identified him as its own expert witness.

4. Everett argues that American General waived its objection to Dr. Seale's

affidavit and testimony by disclosing Dr. Seale as one of its own witnesses. This is incorrect; it is possible that Dr. Seale's testimony could be admissible only in part, and American General did not waive its objection to Dr. Seale's cause of death testimony by disclosing Dr. Seale as an expert for other purposes.

5. As an alternative ground to support summary judgment, the court held that Everett did not submit sufficient proof of loss. The court stated that Everett's proof of loss was insufficient because it did not show a "covered loss," and for that reason "American General asked for a new proof of loss, which was never submitted." However, the record does not reveal that American General asked for a new proof of loss. American General requested additional information (the original death certificate, obituary, and accident, autopsy, and toxicology reports), Everett submitted some but not all of the information, and American General then merely asked for more information "to complete processing the claims." Everett gave American General authorization to obtain Whitley's medical records; contact information for Whitley's cardiologist, primary care physician, and surgeon; and notification that her claim was that Whitley's death was caused by a car accident. This was sufficient to give American General "a reasonable opportunity to investigate and determine its liability," which is a sufficient proof of loss under Idaho law. *Estate of Holland v. Metro. Prop. & Cas. Ins. Co.*, 279 P.3d 80, 90 (Idaho 2012). Further, the court and American General did not explain how

4

Everett's submission fell short. Thus, it was error to hold on summary judgment that the proof of loss was insufficient.

6. American General argues that summary judgment should be upheld on the alternative ground that the exclusions in Whitley's policy bar coverage, regardless of whether Dr. Seale's testimony is admitted. However, American General does not explain why the rule stated in *Jones v. Mountain States Telephone and Telegraph Co.*, 670 P.2d 1305, 1312 (Idaho Ct. App. 1983), would not apply to the policy exclusions. *Jones* held that "where an insurance policy requires that an accident be the *sole* cause of death or injury, a loss is still covered, even though a pre-existing disease may have contributed to the loss, if the accident is the *dominant* cause." *Id.* Thus, we decline to affirm summary judgment on this ground.

We REVERSE and REMAND for proceedings consistent with this memorandum and *R & R Sails*, 673 F.3d 1240.