# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45024

MEDICAL RECOVERY SERVICES,
LLC, an Idaho limited liability company,

      Plaintiff-Appellant,

v.

MARY LOU MERRITT,

      Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

2018 Opinion No. 23

Filed: May 7, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County. Hon. Mitchell W. Brown, District Judge. Hon. David R. Kress, Magistrate.

Judgment denying request for post-judgment attorney fees and costs, <u>affirmed</u>; judgment denying request for attorney fees and costs on appeal, <u>affirmed</u>; request for fees and costs on instant appeal, <u>denied</u>; <u>case remanded</u>.

Smith, Driscoll & Associates, PLLC; Bryan N. Zollinger, Idaho Falls, for appellant.

Mary Lou Merritt, Soda Springs, pro se respondent. Respondent did not participate on appeal.

---

GRATTON, Chief Judge

Medical Recovery Services, LLC (MRS) appeals from the district court's judgment denying its request for post-judgment attorney fees and costs and further denying its request for post-judgment attorney fees and costs on appeal. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2013, MRS filed a complaint to collect on a debt owed by Mary Lou Merritt. MRS alleged that Merritt owed approximately $680.22, which included attorney fees in

1

the amount of $350.00.[1]  Merritt failed to respond, and MRS filed an application for entry of default.  On December 11, 2013, the magistrate entered a default judgment, which specified that Merritt owed MRS $651.22, plus interest and costs.  Subsequently, the magistrate entered a writ of execution and order for continuing garnishment.

The Caribou County Sheriff served the writ of execution on Merritt's employer.  However, it was returned unsatisfied on July 23, 2014, having garnished $131.57, which was applied to the judgment.  On August 14, 2014, the magistrate issued an order of examination after MRS filed an application requesting the examination.  On September 2, 2014, counsel for MRS met with Merritt and agreed upon a payment plan.  Thereafter, Merritt made voluntary payments on September 22, 2014, October 3, 2014, October 24, 2014, November 17, 2014, and December 1, 2014.  MRS subsequently filed its second application for order of continuing garnishment, and on January 21, 2015, the magistrate entered a writ of execution and order for continuing garnishment.   However, Merritt began making voluntary payments again on January 26, 2015, February 26, 2015, and two payments on April 1, 2015.  MRS filed a third application for order of continuing garnishment, and on July 13, 2015, the magistrate entered a writ of execution and order for continuing garnishment.  Merritt paid off the remaining balance on August 28, 2015.

On September 8, 2015, MRS filed an application for an award of supplemental attorney fees and costs in the amount of $1,323.74.  The basis for the application was that MRS continued to incur attorney fees while attempting to collect on the default judgment.  The magistrate denied the request.  The magistrate's order consisted of a one sentence decision that provided "based on the defendants [sic] payment record [on] the original debt owed, Court denied application for supplemental fees."  MRS appealed.  The district court, acting in its appellate capacity, remanded the case to the magistrate court with instructions to make specific findings of fact on the issue of attorney fees. Thereafter, on August 18, 2016, the magistrate issued its findings of fact and again denied MRS's request for post-judgment attorney fees and costs.  MRS filed a motion for reconsideration, which the magistrate denied.

MRS again appealed to the district court.  On March 7, 2017, the district court affirmed in part and reversed in part the magistrate's order.  The district court essentially ruled that the

---

[1]     MRS is the assignee of Oregon Trail Eye Care, P.C., to whom Merritt owed an original principal amount of $216.96.

magistrate committed error in not awarding any attorney fees to MRS with respect to its post-judgment collection efforts. The district court concluded that, based upon Idaho Code § 12-120(5), reasonable attorney fees should be awarded. However, the district court declined to award MRS attorney fees after September 2, 2014, when MRS had met with Merritt for the debtor's examination. Thereafter, MRS filed a second application for an award of supplemental attorney fees and costs on appeal in the amount of $3,343.90. On May 10, 2017, the district court issued a second memorandum decision and order denying MRS's request for attorney fees and costs on appeal. MRS timely appeals.

## II.

## ANALYSIS

On appeal, MRS asserts that the district court erred when it determined that MRS was not entitled to supplemental attorney fees for post-judgment collection efforts after September 2, 2014. MRS further asserts that, as the prevailing party, MRS is entitled to an award of costs and attorney fees on appeal under Idaho Code § 12-120(1), (3), and (5) and Idaho Appellate Rules 40 and 41.

### A. Default Judgment--Introduction

Although I.C. § 12-120 authorizes attorney fees in certain types of cases, I.R.C.P. 54(e)(4) limits an award of fees in cases involving default judgments. Rule 54(e)(4)(B) provides: "An award of attorney fees under Idaho Code section 12-120 in default judgments where the defendant has not appeared must not exceed the amount of the judgment for the claim, exclusive of costs." The original complaint against Merritt was to recover on a debt Merritt incurred in the amount of $216.96. The complaint also alleged entitlement to $17.26 in prejudgment interest, and requested attorney fees pursuant to I.C. § 12-120(1), and (3). With respect to attorney fees, MRS asserted it was entitled to recover fees "in the sum of $350.00 if judgment is taken by default and such greater amounts as may be evidenced to the court if this claim is contested." MRS also requested costs pursuant to I.R.C.P. 54(d)(1) in the amount of $96.00 for its filing fee. The total requested judgment was $680.22.

Between the filing of the complaint and MRS's application for default, Merritt paid $109.00 toward the original debt, reducing the amount owed on the claim to $107.96, plus $17.26 in prejudgment interest. MRS's application for default after the $109.00 payment requested the balance due on the debt plus $17.26 in interest, $350.00 in attorney fees, the

3

$96.00 filing fee, and an additional service fee of $80.00. Pursuant to I.R.C.P. 54(e)(4)(B), MRS was not entitled to attorney fees beyond the amount of the judgment for the claim, i.e., beyond the balance of the debt due and the interest, which totaled $125.22. Nevertheless, the default judgment MRS requested, which the magistrate granted, included an attorney fee award of $350.00, more than twice the amount of the judgment for the claim.

**B.    Post-judgment Attorney Fees Incurred after September 2, 2014**

**1.    District court's decision was not arbitrary**

MRS claims that the district court's decision to limit attorney fees to the date of the debtor's exam was arbitrary. MRS argues that the efforts it took after the order of examination were reasonable and necessary because Merritt did not honor the agreement to make voluntary payments. For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

MRS asserts that the district court erred by arbitrarily selecting September 2, 2014, as the date after which MRS was not entitled to any incurred post-judgment attorney fees, and asserts that this determination was not based on the magistrate's findings. MRS points to a footnote in the district court's order in support of its contention:

> The Court recognizes that the Magistrate Court likely believed, based upon the facts and circumstances which are evident upon reviewing this file, that upon contact by M.R.S. or its representative, Merritt would have arranged to pay-off the judgment without all of the legal maneuvering and additional attorney involvement and fees. She had paid $109.00 between the time the Complaint had been filed and judgment entered. . . . She appears to have entered into an agreement to pay the judgment following the debtor's examination. . . . Finally, when M.R.S. filed its last Affidavit in Support of Writ of Execution, Merritt arranged to pay the remaining debt in full.

4

Indeed, after listing all of the payments made by Merritt to MRS, where ten out of twelve payments were made after the debtor's examination, the magistrate court noted that MRS "continued to use writs of execution while Merritt was satisfying the debt through her own payments." The magistrate court also pointed out that MRS only collected two payments through its efforts to use writs of execution, all the while incurring more fees and costs for which Merritt was also expected to pay. The magistrate court further observed that "there did not appear to be any reasonable efforts to work with [Merritt]." Thus, although the magistrate declined to award any attorney fees, the magistrate's analysis supports the district court's determination that attorney fees should be awarded, but only through the date of the debtor's examination on September 2, 2014.

2.    **Idaho Rule of Civil Procedure 54(e)(3)**

MRS further argues that the district court abused its discretion by failing to consider the reasonableness of MRS's post-judgment collection efforts as required by I.R.C.P. 54(e)(3). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

To properly exercise its discretion on a request for attorney fees, a trial court must, at a minimum, consider the twelve factors outlined in I.R.C.P. 54(e)(3). *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002); *Nalen v. Jenkins*, 113 Idaho 79, 81, 741 P.2d 366, 368 (Ct. App. 1987). These factors are:

(A)    the time and labor required;
(B)    the novelty and difficulty of the questions;
(C)    the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
(D)    the prevailing charges for like work;
(E)    whether the fee is fixed or contingent;
(F)    the time limitations imposed by the client or the circumstances of the case;
(G)    the amount involved and the results obtained;
(H)    the undesirability of the case;
(I)    the nature and length of the professional relationship with the client;
(J)    awards in similar cases;

5

(K)     the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;

(L)     any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3). The trial court is required to consider the existence and applicability of each factor without placing undue weight or emphasis upon any one element. *Nalen*, 113 Idaho at 81, 741 P.2d at 368. The trial court need not specifically address all of the factors in writing, so long as the record clearly indicates that all of them were considered. *Boel*, 137 Idaho at 16, 43 P.3d at 775. It is incumbent upon the appellant to demonstrate that the court failed to consider or apply the appropriate criteria. *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App. 1992).

MRS contends that the district court abused its discretion by failing to consider the reasonableness of MRS's post-judgment collection efforts. MRS further asserts that the district court made assumptions not supported by the record. A court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse judgment, or penalize a party for misdeeds during the litigation. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 720, 117 P.3d 130, 134 (2005); *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct. App. 1986). Nevertheless, a court need not blindly accept the figures advanced by the attorney and may disallow fees that were unnecessarily and unreasonably incurred. *Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct. App. 1985).

In this case, the magistrate court identified each of the factors to be considered as enumerated in I.R.C.P. 54(e)(3). Although the trial court stated that "the case is absurd, unequitable, and a bad example of collection work," the court's further remarks clearly establish that its rejection of the claimed fees was not a punishment. Rather, it was based on an analysis of the amount reasonably incurred. In particular, the magistrate court's comments were focused on counsel's work after Merritt already made several voluntary payments. The court said:

> In summation, as stated above, Merritt owed $216.96 for medical purposes and paid half, $109, of that before the judgment was ordered. Thereafter, she paid an additional $637.90 on her own. There did not appear to be any reasonable efforts to work with the defendant and this Court feels the Medical Recovery Services has already been adequately and overpaid for their efforts. In totality, the case is absurd, unequitable, and a bad example of collection work. The Court finds that a denial of attorney's fees and costs, under these circumstances, is reasonable.

6

The magistrate court further noted that Merritt was charged a fee each time she made a payment for a paralegal to review and process the payment, a "scheme" which the court found "very troubling."

MRS argues that it sought writs of execution or other post-judgment collection efforts only after Merritt failed to continue making voluntary payments. MRS asserts that it was only after MRS obtained the final writ of execution that Merritt finally paid the remaining balance of the judgment. However, it is evident from the magistrate court's recitation of the above-mentioned facts in a detailed timeline of the procedural history of the case that the magistrate court took these events into account. The magistrate court's assessment encompassed an analysis of several I.R.C.P. 54(e)(3) factors, including the relative simplicity of the issues, the requisite skill for collection services, the prevailing charges, and the results obtained. The court also considered the relatively low principal amount involved. It is therefore evident that the court did not disregard the factors of I.R.C.P. 54(e)(3) in favor of imposing its own sense of justice.

While the magistrate declined to award any attorney fees, it did so after analyzing relevant factors to be considered. The district court reviewed the magistrate court's analysis and application of the I.R.C.P. 54(e)(3) factors. This review led the district court to its conclusion that attorney fees after the debtor's examination were not reasonable. Thus, while the district court disagreed with the magistrate's refusal to award any fees, it agreed that attorney fees should not be awarded after the debtor's examination. In sum, MRS has not shown that the district court abused its discretion by violating governing legal standards or by failing to exercise reason in arriving at its decision.

## C.     Attorney Fees and Costs on Appeal to the District Court and the Current Appeal

MRS argues that because it was the prevailing party, the district court erred when it declined to award attorney fees on appeal under I.C. § 12-120(1), (3), or (5). MRS further argues that it should have been awarded costs as the prevailing party on appeal. MRS points to I.A.R. 40 in support of its contention, which provides that: "With the exception of post-conviction appeals and appeals from proceedings involving the termination of parental rights or an adoption, costs shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of the Court." I.A.R. 40(a). MRS asserts that the district court failed to make any findings regarding the costs sought in its second memorandum decision and order.

"The district court's decision to award attorney fees is reviewed under the abuse of discretion standard." *Stout v. Key Training Corp.*, 144 Idaho 195, 196, 158 P.3d 971, 972 (2007). "However, when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies." *Id*. "The interpretation of a statute is a question of law over which this Court exercises free review." *Id*. (quoting *Carrier v. Lake Pend Oreille Sch. Dist. # 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006)).

*Simono v. House*, 160 Idaho 788, 791, 379 P.3d 1058, 1061 (2016). "It is well established that attorney fees and costs cannot be awarded unless they are authorized by statute or by contract." *Allison v. John M. Biggs, Inc*., 121 Idaho 567, 568, 826 P.2d 916, 917 (1992). Idaho Code § 12-120 allows a court to award attorney fees in civil actions, and provides, in pertinent part, as follows:

> (1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.
> . . . .
> (3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> . . . .
> (5) In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment.

I.C. § 12-120 (1), (3), (5).

The Idaho Supreme Court recently addressed this issue in *Medical Recovery Services, LLC v. Lopez*, 163 Idaho 281, 411 P.3d 1182 (2018), and the facts of that case closely align with the case at bar. In that case, the dispute arose after MRS attempted to collect a debt owed by Robert Lopez. The magistrate court entered a default judgment and awarded attorney fees to MRS. MRS continued to incur attorney fees while attempting to collect on the default judgment and filed a request to recover its post-judgment attorney fees, which the magistrate court denied.

8

MRS appealed, and the district court reversed the magistrate court's denial of post-judgment attorney fees, but declined to award MRS attorney fees related to its appeal of the magistrate court's decision. In affirming the district court's judgment, the Supreme Court examined *Credit Bureau of Eastern Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 235 P.3d 1188 (2010) and *Medical Recovery Services, LLC v. Siler*, 162 Idaho 30, 394 P.3d 73 (2017).

In *Lecheminant*, the Supreme Court held that I.C. § 12-120(5) was the specific statute that applied to a party's request for attorney fees on an appeal from a proceeding relating to the collection on a judgment. *Lecheminant*, 149 Idaho at 473, 235 P.3d at 1194 ("Idaho Code [section] 12-120(5) . . . is the exclusive fee provision [when collecting on a judgment] and [Idaho Code section] 12-120(1) and (3) do not apply."). The Supreme Court's analysis in *Siler* supports such a holding because in *Siler*, MRS requested attorney fees on appeal under Idaho Code section 12-120(1), (3), and (5). The Court followed its precedent in *Lecheminant* by focusing on the specific provision, section 12-120(5), instead of the general provisions, section 12-120(1), (3). The Supreme Court concluded that attorney fees were not proper because the appeal related to the denial of attorney fees rather than an attempt to collect on the judgment. *Siler*, 162 Idaho at 36, 394 P.3d at 79 ("[a] request for post-judgment attorney fees under section 12-120(5) is not a proceeding that would satisfy the requirements of subsections (1), (2), (3), or (4) of section 12-120.").

Thus, in *Lopez*, the Supreme Court held that the district court did not err when it denied MRS's request for attorney fees on appeal. Similarly, we are not persuaded by MRS's argument that it was entitled to attorney fees on appeal under I.C. § 12-120(1) and (3). The Court makes clear in *Lopez* that I.C. § 12-120(1) and (3) are not applicable to MRS's claim. The district court properly reversed the magistrate court's judgment, determining that some post-judgment attorney fees were mandatory under I.C. § 12-120(5). However, after the district court's decision, MRS was no longer trying to collect on a judgment. Rather, MRS was attempting to collect attorney fees related to its previous attempt to collect attorney fees. According to *Lecheminant*, I.C. § 12-120(1) and (3) do not apply to such an attempt. Further, according to *Siler*, I.C. § 12-120(5) does not support such an award. Therefore, the district court properly denied MRS's request for attorney fees on appeal. Moreover, the district court clearly declined to award costs to MRS on the same basis. MRS has failed to show that the district court abused its discretion in declining to award attorney fees or costs.

9

MRS also requests attorney fees and costs on the current appeal under I.C. § 12-120(1), (3) or (5).  We decline to award attorney fees on this appeal for the same reasons outlined above.

## III.

## CONCLUSION

The district court's order affirming in part and reversing in part the magistrate court's decision denying MRS's request for post-judgment attorney fees and costs is affirmed.  The district court's judgment denying MRS's requests for attorney fees and costs on appeal is affirmed.  MRS's request for attorney fees and costs on the instant appeal is denied.  This matter is remanded.

Judge HUSKEY and Judge LORELLO **CONCUR**.