**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46116**

| | | |
|---|---|---|
| ACTION COLLECTION SERVICE INC., an Idaho corporation, | ) ) ) | Filed: May 31, 2019 |
| Plaintiff-Respondent, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| HARMONY L. BLACK, aka McCULLOUGH, | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George D. Carey, District Judge.

Judgment dismissing complaint and awarding costs and attorney fees, <u>affirmed</u> in <u>part</u>, <u>vacated</u> in <u>part</u>, <u>and</u> <u>remanded</u>.

Thomas J. Katsilometes, Boise, for appellant.

Shearer & Bonney, P.C., Boise, for respondent. Shaun Bonney argued.

---

LORELLO, Judge

Harmony L. Black (aka McCullough) appeals from a judgment dismissing a complaint and awarding costs and attorney fees. Black asserts that the district court abused its discretion in only awarding $4,000 in attorney fees rather than the $62,190 she requested. For the reasons set forth below, we affirm the judgment in part, vacate the judgment in part as it relates to the award of attorney fees, and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The current appeal follows two prior appeals related to a collection action against Black for costs related to the care of Black's child while the child was in the custody of the Idaho Department of Juvenile Corrections (IDJC). *See Action Collection Serv., Inc. v. McCullough*

*(Black)*, Docket No. 41928 (Ct. App. Jan. 22, 2015) (unpublished); *Action Collection Serv., Inc. v. Black*, 163 Idaho 268, 411 P.3d 312 (Ct. App. 2017).[1] The IDJC assigned the debt to Action Collection, and judgment was entered in Action Collection's favor in the amount of $3,546.40.[2] In the appeal that followed the judgment in Action Collection's favor, this Court vacated the award after concluding there was no actionable debt against Black because the IDJC failed to follow the procedures set forth in I.C. § 20-524. *Action Collection*, 163 Idaho 268, 411 P.3d 312.

After this Court's opinion, Black filed a motion in the district court seeking costs and attorney fees pursuant to I.R.C.P. 54 and I.C. §§ 12-120 and 12-123. The precise amounts requested were $1,391.67 in costs and $62,190 in attorney fees. Action Collection objected to Black's request, contending there was no "overall prevailing party" in the case because Action Collection successfully defended against Black's counterclaims. Alternatively, Action Collection asserted that Black's request should be denied for failing to properly apportion the requested costs and fees between successful and unsuccessful claims. Finally, Action Collection argued that, even if an award was proper, the amount Black requested was "inappropriate and unreasonable." In ruling on Black's motion, the district court concluded that Black was the prevailing party but did not award the full amount Black requested. The district court entered a judgment, awarded $501 in costs, and awarded $4,000 in attorney fees.[3] Black filed a second

---

[1]    The clerk's records from both prior appeals have been augmented into the record in this appeal.

[2]    The IDJC determined Black should contribute $235 per month for expenses related to the care and treatment of her daughter. Black made two $235 payments. The remainder of the calculated obligation was assigned to Action Collection, which filed a complaint against Black for $5,938.45 plus $1,086.28 in interest. The judgment entered against Black was based on the district court's determination that $150 per month was a reasonable rate of reimbursement to IDJC. Based on this rate, and giving Black credit for two payments of $235, the district court determined Black owed $2,680 plus an $884.40 statutory collection fee, for a total judgment in the amount of $3,546.40.

[3]    The district court's judgment, filed on April 20, 2018, is designated as "Judgment Following Remittitur." In addition to awarding costs and attorney fees, the judgment also vacates the prior judgment entered against Black and dismisses Black's counterclaim against Action Collection.

motion for costs and attorney fees, designated in the alternative as a motion to reconsider, which the district court denied. Black appeals.

## II.

## STANDARD OF REVIEW

The calculation of reasonable attorney fees is reviewed for an abuse of discretion. *Lee v. Nickerson*, 146 Idaho 5, 10, 189 P.3d 467, 472 (2008). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion, (2) acted within the boundaries of such discretion, (3) acted consistently with any legal standards applicable to the specific choices before it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.      Attorney Fee Award in the District Court

Black contends the district court abused its discretion by not awarding the full amount of attorney fees she requested.[4] Action Collection responds that the district court's determination that Black was the prevailing party did not require it to award the entirety of Black's attorney fee request. Action Collection further responds that the district court properly considered the factors set forth in I.R.C.P. 54(e)(3) in determining a reasonable attorney fee award. We vacate the judgment relative to attorney fees.

Idaho Code Section 12-120(1) authorizes the award of reasonable attorney fees to the prevailing party in a civil action where the amount pleaded is less than $35,000. Idaho Code Section 12-120(3) also authorizes the award of reasonable attorney fees to the prevailing party in certain delineated civil actions. To properly exercise its discretion on a request for attorney fees, a trial court must, at a minimum, consider the twelve factors outlined in I.R.C.P. 54(e)(3). *Med. Recovery Servs., LLC v. Merritt*, 163 Idaho 699, 703-04, 417 P.3d 1025, 1029-30 (Ct. App. 2018). The trial court is required to consider the existence and applicability of each factor without placing undue weight or emphasis upon any one element. *Nalen v. Jenkins*, 113 Idaho

---

[4]      Black does not challenge the district court's cost award.

3

79, 81, 741 P.2d 366, 368 (Ct. App. 1987). The trial court need not specifically address all of the factors in writing, so long as the record clearly indicates that all of them were considered. *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002). A court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse judgment, or penalize a party for misdeeds during the litigation. *Med. Recovery*, 163 Idaho at 704, 417 P.3d at 1030. Nevertheless, a trial court need not blindly accept the figures advanced by the attorney and may disallow fees that were unnecessarily and unreasonably incurred. *Id.* It is incumbent upon the appellant to demonstrate that the trial court failed to consider or apply the appropriate criteria. *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App. 1992).

Pursuant to I.C. § 12-120(1) and (3), Black requested attorney fees totaling $62,190. The attorney fee request was supported by three exhibits itemizing: (1) time spent for electronic communications totaling 44.8 hours occurring between June 22, 2015, and January 30, 2017; (2) document preparation, review, and research totaling 101.6 hours; and (3) court appearances and meetings totaling 60.9 hours. The total amount requested was based on 207.3 hours multiplied by a $300 hourly billing rate. In considering Black's requested attorney fees, the district court noted:

> In determining a reasonable attorney's fee, as a general rule and in most cases, the court is not required to and should not act as an auditor or decide whether each line item in a claim for attorney fees is perfectly accurate. The function of the court, rather, is to assess the overall reasonableness of the claim, considering the factors outlined in [I.R.C.P.] 54(e)(3).
>
> To paraphrase a federal circuit court, the trial court should not become enmeshed in a meticulous analysis of every detailed facet of the professional representation. The inquiry into the reasonableness of the fee should not assume massive proportions, perhaps even dwarfing the case in chief. The court should not conduct a minute evaluation of each phase or category of counsel's work. The trial court need not inquire separately into the components of the legal representation, to wit: pleadings, discovery, court appearances, motions, and trial. Rather the court should review the overall conduct of the case and the manner in which the attorney discharged his or her professional responsibilities. The trial court also should evaluate in a general way the professional methods used in processing the case--whether counsel tended to use efficient methods to expedite the case or tended to use methods which delayed or obstructed the proceedings.

4

*See* [*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116-18 (3d Cir. 1976)].

Nevertheless in some instances it may be necessary to make a detailed and meticulous itemized investigation of the claimed fees in order to exercise judicial discretion in a proper manner.

After reciting the foregoing principles, the district court addressed the factors set forth in I.R.C.P. 54(e)(3). We have delineated those factors and the district court's findings as follows:

(A)   Time and labor required. The district court noted that the nature of the case involved a collection action "for a four-figure award" and an unsuccessful counterclaim[5] by Black and that Black's counsel documented 207.3 hours of billable time in relation to the case.

(B)   Novelty and difficulty of the questions. The district court concluded "that the legal and factual issues required a reasonable working knowledge of juvenile corrections law and collections law."

(C)   Requisite skill to perform the legal service properly and the experience and ability of the attorney in the particular field of law. The district court noted that Black's counsel received a law degree in 1989 from the University of Utah and noted he is currently a member of the Idaho State Bar.

(D)   Prevailing charges for like work. The district court noted counsel's stated billing rate of $300 per hour, but indicated it had "no information on the going rate for litigators in the Third District in general." The district court also indicated it had "never previously" had a claim "for such a high hourly rate" in the Third District. The district court further rejected counsel's reliance on *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 329 P.3d 1072 (2014), for the reasonableness of a $73,000 attorney fee award because the attorney fee request in that case was based on the frivolousness standard in I.C. § 12-121, which was not the basis for Black's attorney fee request.

(E)   Whether the fee is fixed or contingent. The district court stated it had "no specific information other than the representation of [counsel] that effectively he was representing Ms. Black on a contingent basis."[6]

(F)   The time limitations imposed by the client or the circumstances of the case. The district court found "no evidence of extraordinary time constraints."

---

[5]   Despite the unsuccessful counterclaim, the district court found Black was the prevailing party in the litigation for purposes of awarding attorney fees.

[6]   Black's counsel filed a declaration in support of the request for attorney fees and stated:

Though it did not begin this way, the case ultimately became a contingency arrangement due to the massive amount of fees [Action Collection] sought, [Black's] limited financial means, and the complexity of this case which resulted in mounting attorney's fees which [Black] was unable to pay in a timely manner.

(G) The amount involved and the results obtained. The district court noted that the amount involved "was well under $10,000.00" and the result was "twofold" because "Black did not have a monetary judgment entered against her" but her counterclaim was dismissed.

(H) The undesirability of the case. The district court acknowledged that Black's counsel claimed that "defending against collection claims generally is regarded as undesirable work."

(I) The nature and length of the professional relationship with the client. The district court stated it had "no information on this issue."

(J) Awards in similar cases. The district court characterized this factor as "unknown."

(K) The reasonable cost of automated legal research. The district court also characterized this factor as "unknown."

(L) Other factors the court deems appropriate in the particular case. The district court noted that this Court "indicated that attorney's fees on appeal should not be awarded."[7] The district court also rejected Black's request to apply the federal "Lodestar" method to determining attorney fees.

Based on its delineation of the factors set forth in I.R.C.P. 54(e)(3), the district court concluded $4,000 was a reasonable attorney fee award for Black.[8] The district court explained: "the amount to be awarded is the amount it feels is reasonable to assess against Action Collection in view of the factors outlined in [I.R.C.P.] 54(e)(3)."

The district court's decision reflects that it correctly perceived the issue as discretionary and recognized the legal standards applicable to its decision. The only question presented by Black is whether the district court exercised reason in deciding what the attorney fee award should be in this case. Black acknowledges that the district court recited and discussed each of the factors in I.R.C.P. 54(e)(3), but contends the district court's decision was not reasoned because it did not identify "any factor that was lacking, unreasonable, or construed" against Black. More specifically, Black argues that, although the district court was entitled to "judge the reasonableness" of her attorney's hourly billing rate, the district court erred by not identifying an

---

[7] This Court did not award attorney fees to Black in the immediately preceding appeal because, contrary to I.A.R. 41, Black did not request attorney fees in her opening brief and only requested fees in her reply brief. *Action Collection*, 163 Idaho at 272-73, 411 P.3d at 316-17.

[8] Because Black filed two memorandums requesting costs and attorney fees, one of which was designated as an alternative motion to reconsider, the district court entered two memorandum decisions. The district court's second decision included additional discussion of the factors in I.R.C.P. 54(e)(3), which is reflected above.

"alternate or reduced rate." Rather, the district court, without explanation, reduced the hourly rate by 94 percent and appears to have arbitrarily selected a "round number" as a reasonable attorney fee that was based, in part, on the amount of damages Action Collection requested in the original complaint.[9]

We first address Black's argument that the district court did not exercise reason when it considered the amount of damages Action Collection sought in the underlying lawsuit. This argument fails because I.R.C.P. 54(e)(3)(G) expressly requires consideration of the amount involved and the results obtained.

We next address Black's contention that the district court's attorney fee award appears to be an "arbitrary" round number without reference to the reasonableness of the number of hours reported or the billing rate requested. Similar arguments were considered by the Idaho Supreme Court in *Johannsen v. Utterbeck*, 146 Idaho 423, 196 P.3d 431 (2008) and *H2O Envtl., Inc. v. Farm Supply Distribs., Inc.*, 164 Idaho 295, 429 P.3d 183 (2018). In *Johannsen*, the prevailing party was awarded $10,000 in attorney fees based on the district court's determination that the litigation was "about a $10,000 project." *Johannsen*, 146 Idaho at 433, 196 P.3d at 351. The Idaho Supreme Court held that the trial court erred, reasoning:

> It is unclear why the district court determined that the attorney's fees submitted by Respondent were excessive, other than the judge's vague statement that he knows what is excessive and what is reasonable based on his litigation experience. In determining the case to be "about a $10,000 project," the district court seems to pull the award of attorney's fees out of thin air. Basing attorney's fees on pure conjecture is inappropriate. It appears that the district court underestimated the work required of Respondent's attorney, but without more this Court does not have the information necessary to determine what would be a reasonable award of attorney's fees. Therefore, we remand the issue of attorney's fees with instructions to the district court to make a finding as to why the requested attorney's fees were excessive.

*Id.*

---

[9] Black also asserts that the district court erred by taking "issue" with the fact that her attorney provided "advice and counseling" prior to entering a formal appearance in the case even though attorney fees may be recovered for work performed prior to litigation. This assertion by Black is not supported by any reference to the record as required by I.A.R. 35(a)(6), nor does it appear this was a factor in the district court's I.R.C.P. 54(e)(3) analysis. Therefore, we decline to address Black's argument in this regard.

The Supreme Court recently relied on *Johannsen* to reach a similar conclusion in *H2O Envtl.* In *H2O Envtl.*, the prevailing party requested attorney fees in excess of $53,000, but the trial court limited the award to approximately $7,000, which was the amount in controversy in the case. The Supreme Court reversed, stating:

> Here, there is nothing in the record which explains the relationship between the magistrate court's evaluation of the Idaho Rule of Civil Procedure 54(e)(3) factors and its decision regarding the amount to award for attorney's fees. It is not enough for a trial court to acknowledge the existence of the Rule 54(e)(3) factors; rather, it must appear that there is a reasoned application of those factors in the trial court's decision regarding the amount of attorney's fees to be awarded. Stated differently, in the absence of a clear explanation from the trial court, we will find an abuse of discretion when a trial court acknowledges the governing legal standard and arrives at a decision that appears to be incongruent with the application of that standard.

*H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188.

As noted, the district court in this case expressly addressed each factor set forth in I.R.C.P. 54(e)(3). However, as we read *Johannsen* and *H2O Envtl.*, there must also be a clear explanation connecting the district court's consideration of those factors with the amount of attorney fees awarded. We find such an explanation missing in this case. Accordingly, we must vacate the district court's attorney fee award and remand for the district court to articulate its reasons for limiting the attorney fee award in this case to $4,000.[10] For guidance on remand, we note that, in determining an appropriate attorney fee award, the district court may consider whether Black is entitled to an award of attorney fees for pursuit of an unsuccessful counterclaim or for other aspects of the litigation, including attorney fees associated with any frivolous motions or activities undertaken while Black was appearing pro se.[11] The district court may also

---

[10]     Black contends that, "in the interest of justice and because of the protracted nature and lengthy procedural history of this case," this Court should vacate the district court's award and award her "all of her attorney's fees." We decline to do so. As noted in *H2O Envtl.*, when the appellate court determines a district court has abused its discretion, the remedy is not to usurp the district court's authority by exercising discretion ourselves. *H2O Envtl.*, 164 Idaho at 301, 429 P.3d at 188. The appropriate remedy is to remand the case for reconsideration in light of the correct legal standard. *Id.*

[11]     Black has cited *Bogner v. State, Dep't of Revenue & Taxation, State Tax Comm'n*, 107 Idaho 854, 693 P.2d 1056 (1984) to support an assertion that she is entitled to attorney fees

8

consider whether Black is entitled to an award that is based on the $300 hourly rate requested, rather than a specific lower rate that may more accurately reflect the prevailing rate in the community, and whether the attorney fee award should be adjusted based on counsel's declaration in district court that he was representing Black on a contingency basis. We recognize that these factors may very well have informed the district court's lower award. However, because the record does not expressly reflect why the district court concluded the requested attorney fee award was unreasonable, remand is necessary.

**B.      Costs and Attorney Fees on Appeal**

Black requests attorney fees and costs incurred on this appeal pursuant to I.C. § 12-120(1) and I.A.R. 40 and 41. Action Collection also requests attorney fees on appeal pursuant to I.C. §§ 12-120(1)-(3), 12-121, and I.A.R. 41. Action Collection further contends that Black is not entitled to costs and attorney fees on appeal because she failed to support her request with argument and authority in the argument section of her opening brief.

Because Action Collection is not the prevailing party, it is not entitled to costs and attorney fees on appeal. As the prevailing party, Black is entitled to attorney fees if her request was properly presented to the Court. Idaho Appellate Rule 41(a) provides that any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the party's first appellate brief as provided by I.A.R. 35(a)(5) and 35(b)(5). Idaho Appellate Rule 35(a)(5), which applies to the appellant's brief, similarly states that an appellant claiming attorney fees on appeal must indicate such in the division of issues on appeal and state the basis for the claim. Idaho Appellate Rule 35(a)(6), which also governs the appellant's brief, further requires that the

related to activities prior to her attorney's notice of appearance. Black's reliance on *Bogner* is misplaced. The Court in *Bogner* held that the plaintiff was entitled to attorney fees for legal representation that occurred at the administrative hearing stage prior to filing a complaint. *Id.* at 858, 693 P.2d at 1060. This holding does not address whether a party is entitled to attorney fees for activities by an attorney that purportedly occurred while the party was proceeding pro se. Although Black contends that "a party should not be penalized for taking necessary steps (in this case trying to save money by not having an attorney enter his appearance)," it is unclear how this statement is factually accurate in relation to her attorney fee request since she is actually requesting fees for the attorney's preparation and review of documents Black filed pro se. In other words, it is unclear what money is being "saved" when Black is seeking attorney fees for work she claimed as her own.

argument section "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Several cases address the requirements of these rules in the context of a request for attorney fees. In *Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998), the Idaho Supreme Court declined to address requests for attorney fees on appeal because the parties did not address the issue in the argument section of their briefs as required by I.A.R. 35(a)(6). The Court in *McVicker v. City of Lewiston*, 134 Idaho 34, 38, 995 P.2d 804, 808 (2000) also declined to address a request for attorney fees for failure to comply with I.A.R. 35(a)(6) even though the request was included in the statement of issues on appeal. This Court did the same in *Graefe v. Vaughn*, 132 Idaho 349, 351, 972 P.3d 317, 319 (Ct. App. 1999), noting the request for fees was not supported by propositions of law, authority, or argument.

The issues section of Black's opening brief includes a request for attorney fees on appeal under I.C. § 12-120(1) and I.A.R. 41. However, the argument section of Black's opening brief does not include propositions of law, authority, or argument in relation to Black's request for attorney fees on appeal. Rather, Black's argument section only includes a conclusory request for "costs and fees incurred for this appeal." This was insufficient for this Court to consider Black's request for attorney fees on appeal. Therefore, Black is not entitled to attorney fees on appeal. Costs are awarded to Black pursuant to I.A.R. 40.

### IV.

### CONCLUSION

The district court's decision awarding only $4,000 in attorney fees does not reflect the district court's reasons for limiting the attorney fee award to that amount. Therefore, the judgment dismissing the complaint and awarding costs is affirmed in part and vacated in part (as to the award of attorney fees), and the case is remanded for further proceedings consistent with this opinion. Costs, but not attorney fees, are awarded to Black on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

10